**Donna CROOKS and Brenda Holmes,
Petitioners–Appellants,**

v.

**Honorable John H. MAYNARD,
Respondent–Appellee.**

**No. 86–3629.**

United States Court of Appeals,
Ninth Circuit.

July 26, 1988.

William J. Tway and Anton Hohler, Tway & Rosenheim, Boise, Idaho, for petitioners-appellants.

Brian K. Julian and Kathryn A. Sticklen, Quane, Smith, Howard & Hull, Boise, Idaho, for respondent-appellee.

Before SNEED and HALL, Circuit Judges, and STEPHENS,* District Judge.

* Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

**PER CURIAM:**

The plaintiffs, Donna Crooks and Brenda Holmes, brought 42 U.S.C. § 1983 actions against Idaho District Judge John H. Maynard. The plaintiffs claimed that Judge Maynard denied their constitutional rights to procedural due process by jailing them pursuant to a contempt order. The district court, upon the filing of a stipulation of undisputed facts, found that Judge Maynard was immune from liability and we agreed. The Supreme Court granted the writ of certiorari, vacated our judgment, and remanded the case to us "for further consideration in light of *Forrester v. White*," 484 U.S. ——, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).

We have reconsidered our prior judgment and hold that to apply *Forrester v. White, supra,* properly we must remand this case to the district court.

## I

Our earlier disposition of this case, appearing at 820 F.2d 329 (9th Cir.1987), set forth the facts sufficiently to enable us to address immediately the possibility that Judge Maynard continues to be sheltered by absolute immunity notwithstanding *Forrester v. White, supra.*

It is by no means clear to us that Judge Maynard lacked jurisdiction to invoke the powers of contempt as he did. The Supreme Court of Idaho held that Judge Maynard's orders of April 23 and May 15, 1985 were within his authority under Idaho law. *See Crooks v. Maynard,* 112 Idaho 312, 732 P.2d 281 (1987). In this decision, the Supreme Court of Idaho recognized that the clerk of the district court was "a judicial officer, subject to the administrative power of the Supreme Court." 112 Idaho at 317, 732 P.2d at 286, and that the district judge "controls the assignment of persons hired by the clerk." 112 Idaho at 318, 732 P.2d at 287. The Supreme Court of Idaho, however, did not discuss such contempt powers

as might have been available to Judge Maynard.

Neither the briefs of the parties nor our independent research enables us to act confidently. We recognize that Idaho Code (IC) at § 1–1603 provides that "[e]very court has power ... to compel obedience to its ... orders ..." and that IC § 1–1901 equips each "judicial officer" with a similar power. It is not explicitly clear that an "Administrative Judge," whose powers and duties are set forth in IC § 1–907, is a "judicial officer," but it appears reasonable to assume that such is the case. Even so, counsel for plaintiffs point out that the summary exercise of the power to sanction for contempt is permissible only "[w]hen a contempt is committed in the immediate view and presence of the court, or judge at chambers...." IC § 7–603. Because Judge Maynard when he adjudged the plaintiffs in contempt was neither in his chambers nor "acting in a role where he is the judge in an adversary proceeding" and with respect to someone involved in that proceeding, the plaintiffs insist that Judge Maynard's exercise of contempt powers was not judicial. Supplemental Brief of Appellants at 4–5.[1] Thus, they say, *Forrester v. White, supra,* precludes absolute immunity.

We are not prepared to accept the assumptions on which this conclusion is based without a remand to permit further development of the record.

## II

On remand the district court should undertake two inquiries. First, whether Judge Maynard's contempt order, otherwise an inherently judicial act, loses its judicial character in this case under the analysis set forth in *Stump v. Sparkman,* 435 U.S. 349, 362, 98 S.Ct. 1099, 1107, 55 L.Ed.2d 331 (1978). Second, whether Judge Maynard had the power under Idaho

---

1. The brief reads as follows:

   Nowhere in this case do the facts show, or for that matter is it argued by appellee, that Judge Maynard was acting as a court and he certainly was not in his chambers at the time. He was, therefore, not acting in a judicial capacity. In order for an act by a judge to be a "judicial" one the parties must be dealing with the judge in his judicial capacity. *STUMP v. SPARKMAN,* 435 U.S. 349, 362 [98 S.Ct. 1099, 1107, 55 L.Ed.2d 331] (1978). As the opinion in *Forrester* observes: "running through our cases, with fair consistency, is a functional approach to immunity questions other than those that have been decided by express constitutional or statutory enactment." Consonant with that statement we note that virtually all of these cases in which a judge has been held to have absolute immunity involves situations where the defendant judge is acting in the role where he is the judge in an adversary proceeding and is dealing with one of the parties to that proceeding or with someone who has in one fashion or another injected himself into it.

law to find the plaintiffs in contempt for violating his April 23, 1985 administrative order and to confine them in jail until they promised to abide by that order. Should the district court find that Judge Maynard lacked such jurisdiction, it should then determine whether *Stump v. Sparkman, supra,* and *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1871), nonetheless clothe Judge Maynard with absolute immunity. That is, the district court must determine whether Judge Maynard acted in "the clear absence of all jurisdiction."

Should the district court find that Judge Maynard's act was not a judicial one or was taken in "the clear absence of all jurisdiction," it should then determine whether he is entitled to qualified immunity under the teachings of *Forrester v. White, supra,* and *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Should the holding be that Judge Maynard lacks immunity, both absolute and qualified, the plaintiffs should be allowed to proceed with their action.[2]

### III

We remand for further proceedings consistent with this opinion. Any subsequent appeals with respect to this case should be referred to this panel. Each side shall bear their own costs with respect to this reconsideration in the light of *Forrester v. White.*

REMANDED.

---

2. This outline should not limit the district court solely to those precise determinations. We do not wish to constrain the district court in its consideration of other relevant legal inquiries or to prevent the court from collecting pertinent facts. For example, the district court may wish to collect the facts and make a legal determination of whether Judge Maynard's contempt order was civil or criminal in nature. The district court may wish to consider what effect, if any, that determination may have on its consideration of the broader issue of Judge Maynard's immunity.